[No. 5,380.]
TALCOTT ET AL. v. BLANDING ET AL., COMPOSING THE BOARD OF STATE HARBOR COMMISSIONERS.

STATUTE— CONSTRUCTION —HARBOR COMMISSIONERS. —At common law, as well as under Political Code, § 15, words in an act giving a joint authority to three or more public officers are construed as giving such authority to a majority of them, unless it is otherwise expressed. *Held*, accordingly, that the Act of March 8th, 1878, authorizing the Board of State Harbor Commissioners to adjust, audit, and pay such amount as the plaintiffs might be equitably entitled to, for work and labor done and materials furnished on certain harbor improvements, is to be construed as giving that authority to

a majority of the Board; and that the provision of the Political Code, § 2527, requiring the concurrence of all three Commissioners to enter into any contract or obligation which creates a liability or authorizes the payment of money, has no application.

APPEAL from a judgment on demurrer to the complaint, (in an action for mandamus) in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

The facts are stated in the opinion.

*Burch & Griffith,* for Appellants.

The Legislature had the power to audit and allow the claim of plaintiffs, and did so. (Act of March 8th, 1878, pp. 8, 9; *Creighton* v. *San Francisco,* 42 Cal. 446; *San Francisco* v. *Certain Real Estate,* Id. 517; *Napa V. R. R. Co.* v. *Napa County,* 30 Id. 473.) The act of relief was intended to provide a different method in which the Board should act from that provided by the original law, and being authority to the Board, a majority were authorized to act. (Pol. Code, § 15; *People* v. *Nichols,* 52 N. Y. 478; Sedg. Stat. and Cons. Law, 387 and note; Potter's Dwarris, 182, notes 3–5.)

*J. B. Lamar,* for Respondent.

Department No. 2, MORRISON, C. J.:

The facts of this case are, that on the 5th day of March, 1877, plaintiffs entered into a contract with the Board of Harbor Commissioners of the State of California, (at that time and now composed of the defendants) for the construction of certain slips and the making of certain improvements in and about the harbor of San Francisco. That the contract was duly made and entered into with said Board after due proceedings had, the entire Board concurring; that the Board caused specifications of the works to be prepared, under which the contract was entered into, and caused the same to be advertised and sealed proposals invited. That plaintiffs submitted a bid for the work under and in accordance with said advertisement, and were awarded and received said contract at

the price and sum of ninety-six thousand nine hundred and ninety dollars, to be paid to plaintiffs as in the contract specified; the last payment to be made on the completion and acceptance of said slips. That in advertising for bids for the contract aforesaid, a material variance occurred between the advertised estimates and the specifications, which rendered a further outlay for the piles and lumber necessary, and also required a greater amount of labor to be performed than was contemplated; that plaintiffs furnished such additional labor and materials, and performed their contract to the entire satisfaction of the Board. That in the proper construction of the slips by plaintiffs, it was absolutely necessary to furnish and supply extra labor, piles, etc., amounting in the aggregate to the value of $5,722.50, the same being in excess of the labor and material called for in the advertisement for bids, and over and above the contract price. That after the completion and acceptance by the Board of the slips, plaintiffs presented to the Board a claim for the sum last mentioned, and requested the allowance and payment thereof; that the Board found the same to be correct, but declined to pay the same, for the reason that the law did not authorize them to make such payment, holding plaintiffs' claim to be an equitable one only. That plaintiffs thereupon made application for relief to the Legislature of the State, and thereafter, on the 8th day of March, 1878, (Stats. 1877–8, p. 8) the following act was passed by the the Legislature:

"An Act for the relief of Cook Talcott and Andrew Onderdonk.

"The People of the State of California, represented in the Senate and Assembly, do enact as follows:

"Section 1. The Board of State Harbor Commissioners are authorized to adjust, audit, and pay out of the Harbor Improvement Fund such amount as Cook Talcott and Andrew Onderdonk may be equitably entitled to, for work done and material furnished in the construction of the new slips at the foot of Market Street, in San Francisco, provided the amount does not exceed the sum of $5,722.50."

That on the 15th day of March, 1878, plaintiffs duly pre-

sented to the Board of Harbor Commissioners their claim for said amount, and demanded of the Board to audit, adjust, and pay the plaintiffs, out of the Harbor Improvement Fund, such sum as they were found to be equitably entitled to receive for said extra work and materials; and that thereupon the Board proceeded to adjust and audit said bill: and the Board, by a vote of two to one, (said Board consisting of three members) adjusted and audited said bill, and found plaintiffs to be equitably entitled to the full sum of $5,722.50, and by the vote of two to one ordered the bill to be paid. That afterward, to wit, on the 15th day of March, 1878, and at other times since then, plaintiffs have demanded of the Board of Harbor Commissioners payment of the claim from the San Francisco Harbor Improvement Fund under their control (there being a sufficient amount of such fund to pay said claim); but payment thereof has been and still is persistently refused by the Board.

The foregoing are substantially the facts set out in the plaintiffs' complaint; and on the filing thereof, the Court below granted an alternative writ of mandamus, on the 12th day of November, 1878.

On the return day of the writ, the defendants interposed their demurrer thereto, assigning the causes of demurrer specified in § 430 of the Code of Civil Procedure; which demurrer was sustained by the Court below, and thereupon final judgment was entered in favor of the defendants. This appeal is taken from such judgment, and the only question presented is as to the sufficiency of the complaint.

It is contended on behalf of the respondents that the concurrent action of all three of the Board of Harbor Commissioners was required under the Act of March 8th, 1878, to adjust, audit, and allow plaintiffs' claim. In support of this proposition, § 2527 of the Political Code is relied upon. That section reads as follows:

"No contract or obligation entered into by the Commissioners, which creates a liability or authorizes the payment of money, is valid and of binding force, unless the same is signed by all three Commissioners and countersigned by the Secretary of the Board."

But did the action of the Board, in pursuance of the provisions of the Act of March 8th, 1878, amount to a contract or the creation of an obligation within the meaning of the Political Code? It will be observed that the contract between the plaintiffs and the Board was regularly entered into, all the forms and requirements of the statute in that behalf having been fully complied with. There was a mutual mistake shown as to the amount of work and the quantity of material required to complete the work; and to provide compensation for the extra work and materials, the Act of March 8th, 1878, was passed. It was under that special statute that the Board acted, and not under § 2527 of the Political Code. It was the intent of the Legislature, in passing the Act of March 8th, 1878, that plaintiffs should be paid out of the Harbor Improvement Fund an amount to which they were equitably entitled, and to that end the Board was authorized to adjust, audit, and pay for such extra work and materials.

It is unnecessary for us to determine whether the Act of March 8th, 1878, is mandatory or permissive only. The Board proceeded to act under the authority of the statute, and, in our opinion, they acted legally and efficaciously. Two of the three members constituting the Board adjusted, audited, and allowed the plaintiffs' claim. This was sufficient under § 15 of the Political Code: " Words giving a joint authority to three or more public officers or other persons are construed as giving such authority to a majority of them, unless it is otherwise expressed in the act giving the authority."

The authority exercised by the Board in this case was given to them by a special act, and it is nowhere provided in said act that the concurrence of all three of the members of the Board shall be necessary to the proper exercise of such authority. In the case of *People ex rel. Washington* v. *Nichols*, 62 N. Y. 478, the common-law principle on this subject is stated. In that case the Court had under consideration an act of the Legislature appropriating $20,000, or so much thereof as might be necessary, for the purchase of certain relics of George Washington, to be paid only upon the certificate of three persons named therein. *Held*, that a certificate signed by two of the

persons named, stating that the third met with them, but refused to join in the certificate, was sufficient. The Court say that the case of *Grindley* v. *Barker*, 1 Bos. & P. 229, is in point as to the general rule. Eyre, C. J., there said: "I think it is now pretty well established, that where a number of persons are intrusted with powers not of mere private confidence, but in some respects of a general nature, and all of them are regularly assembled, the majority will conclude the minority, and their act will be the act of the whole." The Court proceed to say: "Then is this a matter of private concern? We are all of opinion it is not. The cases referred to by the respondent cannot fail to establish his doctrine. They hold that arbitrators, to determine controversies between individuals, are engaged in matters of private concern." (*Green* v. *Miller*, 6 T. R. 39.) The same principle was recognized by the Court of King's Bench in the case of *The King* v. *Beeston*, 3 T. R. 592, which arose under the statute of George I, which enables the church wardens and overseers to contract for the providing for the poor. It was held that it was not necessary that all the church wardens and overseers should concur, as the contract of the majority would bind the rest.

But when appraisers act between individuals and the State, it is a matter of "public concern," and the majority act as the whole when all have met. (*Ex parte Rogers*, 7 Cowen, 526.)

The complaint in this case shows that all the members of the Board were present; and we are of the opinion that the action of the majority was sufficient to adjust, audit, and allow plaintiff's claim, under the Act of March 8th, 1878.

Judgment and order reversed, and cause remanded, with instructions to the Court below to overrule the demurrer to the complaint.

MYRICK, J., and SHARPSTEIN, J., concurred.